

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0735-10

**THE STATE OF TEXAS**

**v.**

**ABRAN ELIAS, Appellee**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE EIGHTH COURT OF APPEALS
### EL PASO COUNTY

**KELLER, P.J., filed a concurring opinion.**

The Court remands this case to the court of appeals to address an alternative argument that

the State made on direct appeal and that the court of appeals failed to address. But the Court then

goes on to resolve an issue that will go away if the State prevails on the alternative argument. I

would limit our remand to the unaddressed claim. Since the Court does not, I must explain my

disagreement with the Court's analysis of the issue that may never be at issue.

The issue in *Cullen* was whether a trial court must grant a timely request for findings of fact

after ruling on a motion to suppress.[1]  We held that it did, "upon the request of the losing party."[2]

The case before us is unlike *Cullen* because, in this case, the trial court did enter findings of fact and conclusions of law.  *Cullen* stands for the proposition that a party who wants to appeal from a motion to suppress evidence is entitled to have the trial judge articulate the basis for his ruling.  But *Cullen* did not hold that a judge has a duty to issue findings if no request is made.  To the contrary, it held that, if the losing party failed to request findings, *Ross*[3] would control, and the evidence would be viewed in the light most favorable to the trial court's ruling.[4]

The Court concludes that the trial judge, by issuing findings of fact *sua sponte*, undertook the duty to issue all findings this Court now deems to be relevant to the case.  I think the Court is asking for trouble.

The rule the Court sets forth requires that a trial judge anticipate what issues the appellate courts may decide, in hindsight, are dispositive.  Under *Cullen* and *Ross*, a failure to request findings results in the absolute forfeiture of the right to have them.  It is a *Marin* forfeitable right.[5]  Under the Court's opinion, it becomes a non-forfeitable right if the trial court makes any findings of fact at all.  The Court's rule would delay final disposition of cases.  But worse, the remand for further findings could come so late that it would threaten to unravel the entire process—for instance, if the trial judge has been replaced by a new judge who wants to decide the motion differently.

---

[1]  *State v. Cullen*, 195 S.W.3d 696 (Tex. Crim. App. 2006).

[2]  *Id.* at 699.

[3]  *State v. Ross*, 32 S.W.3d 853 (Tex. Crim. App. 2000).

[4]  *Cullen, supra* at 699.

[5]  *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993).

There is a remedy that avoids these dangers and also follows *Cullen*. It is to require the losing party to object in the trial court and to ask for any further findings of fact it believes necessary. If no such request is made, we should apply the *Ross* presumption. There is nothing unfair or unusual about requiring a party to object in a timely manner to what it finds objectionable.

I respectfully concur.

FILED: April 6, 2011
PUBLISH